# U.S. BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | In Chapter 11 Proceedings |
| **JAMES PATRICK SCANNELL,** Debtor. | Case No.: 08-18329-DPC |
| | Adversary No. 13-302 |
| **JAMES PATRICK SCANNELL**, Plaintiff, | **ORDER SETTING PRIORITY OF LIENS** |
| v. | |
| **JP MORGAN CHASE BANK, N.A., et al**, Defendants. | |

The parties present an issue of first impression, namely, which has priority in Arizona: a restitution lien or a purchase money deed of trust? The Court concludes that a purchase money deed of trust against real property has priority over an earlier recorded restitution lien.

**I.  Facts**

The essential facts are undisputed. They occurred prepetition.

On December 15, 2004, the Pima County Attorney's Office[1] filed a restitution lien in the original principal amount of $2,070,550 against the Debtor pursuant to Arizona Revised Statutes ("A.R.S.") § 13-806 ("Restitution Lien"). The Restitution Lien was recorded in the Official Records of the Maricopa County Recorder ("Recorder") on January 25, 2005.[2] The Restitution Lien listed Deborah Polmanteer, among others, as a party to which restitution is due.

---

[1] The Clerk of the Superior Court, State of Arizona, Pima County appears via the Arizona Attorney General's Office ("State").

[2] In a supplemental brief Chase claims the State improperly recorded the Restitution Lien because it was not recorded in accordance with A.R.S. § 33-967(A). Chase is wrong. A.R.S. § 33-967 deals with judgment liens created under A.R.S. § 33-961 not restitution liens created under A.R.S. § 13-806. Further, A.R.S. § 33-967 only applies to a "judgment or decree or any renewal that requires the payment of money." A.R.S. §

In December 2005, the Debtor purchased the property at 4727 East Lafayette, Unit 216, Phoenix, Arizona ("Lafayette Property"). To finance the purchase, the Debtor obtained a purchase money loan from Vista Mortgage Services ("Vista") for $94,500. Vista recorded a deed of trust with the Recorder on December 7, 2005 ("RCS Deed of Trust"). The money loaned by Vista was not used to pay off any existing liens against the Lafayette Property. In January 2011, Mortgage Electronic Registration Systems, Inc., as beneficiary, assigned the RCS Deed of Trust to Residential Credit Solutions, Inc. ("RCS").

In January 2007, the Debtor purchased the property at 6711 E. Camelback Rd. #8, Scottsdale, Arizona ("Camelback Property") for $1,210,000. To finance the purchase, the Debtor obtained a purchase money loan for $960,000 from Bear Stearns Residential Mortgage Corporation ("Bear Stearns"). The money loaned by Bear Stearns was not used to pay off any existing liens against the Camelback Property.[3] Bear Stearns recorded a deed of trust on February 6, 2007 ("Chase Deed of Trust"; Chase Deed of Trust and RCS Deed of Trust together "Deeds of Trust"). In March 2007, the Chase Deed of Trust was assigned to Wells Fargo Bank, National Association as Trustee for the Certificate holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2007-AR3 Mortgage Pass-Through Certificates, Series 2007-AR3, with JP Morgan Chase Bank, N.A. as the authorized servicing agent ("Chase").

The matter comes before the Court on motions for summary judgment filed by Chase and RCS. The State did not respond, but instead filed a statement of position. The Court gave all parties an opportunity to weigh in on the issue through responsive and supplemental briefing.

**II.    Question Presented.**

Does a purchase money lien against Arizona residential real property have priority over an earlier recorded restitution lien?

---

33-967(A). But, "[a] filing fee or any other charge is not required for filing a restitution lien." A.R.S. § 13-806(A). As the argument is both untimely and wrong, it is rejected.

[3] As neither loan was used to pay off an existing debt, there is no basis for the Court to consider the principles of equitable subrogation as addressed in *Sourcecorp, Inc. v. Norcutt*, 274 P.3d 1204 (Ariz. 2012).

## III. Analysis.

### A. Summary Judgment Standard

Summary judgment shall be granted where no genuine dispute of material fact exists and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056(a). "[T]he mere existence of some alleged factual dispute . . . will not defeat [a] . . . motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The moving party bears the initial burden of demonstrating to the court that no genuine issue of material fact exists and to further show that the moving party is entitled to judgment in their favor as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the nonmoving party to show that there are specific facts creating a genuine issue for trial. *Id.* at 324. When the nonmoving party bears the burden of proof, however, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. When the facts are uncontested, summary judgment can be granted if the movant is entitled to judgment as a matter of law. *In re Proxim Corp.*, 369 B.R. 812, 813 n.3 (Bankr. D. Del. 2007). Additionally, upon notice and an opportunity to respond, the court may "grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1); Fed. R. Bankr. P. 7056(f)(1).

### B. The Statutes

Two Arizona Statutes must be interpreted to answer the question presented. A.R.S. §13-806(F) (enacted 1986) reads:

> The filing of a restitution lien under this section is notice to all persons dealing with the person or property identified in the lien of the state's or victim's claim. The lien created in favor of the state or the victim in accordance with this section is superior and prior to the claims or interests of any other person, except a person possessing any of the following:
>   1. A valid lien perfected before the filing of the restitution lien.
>   2. In the case of real property, an interest acquired and recorded before the filing of the restitution lien.

3

3. In the case of personal property, an interest acquired before the filing of the restitution lien.

A.R.S. § 33-705 (enacted 1996) reads:

> A mortgage or deed of trust that is given as security for a loan made to purchase the real property that is encumbered by the mortgage or deed of trust has priority over all other liens and encumbrances that are incurred against the purchaser before acquiring title to the real property.

C. *Rules of Statutory Interpretation -- Plain Meaning*

"The touchstone to the interpretation of a statute is to determine the intent of the Legislature in enacting the statute." *Members of Bd. of Educ. Of Pearce Union High School Dist. v. Leslie*, 543 P.2d 775, 777 (Ariz. 1975).[4] A court must apply the plain meaning of the text unless it would lead to absurd results. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004); *Ruben M. v. Ariz. Dept. of Econ. Sec.*, 282 P.3d 437, 441 (Ariz. Ct. App. 2012). If a statute is clear, a court should simply apply it. *Hughes v. Jorgenson*, 50 P.3d 821, 823 (Ariz. 2002). Here, the problem for the Court is that both statutes when read individually are clear and unambiguous.

There is no dispute that the Deeds of Trust are the type of liens governed by A.R.S. § 33-705. Under A.R.S. § 33-705, purchase money security interests have "priority over all other liens and encumbrances that are incurred against the purchaser before acquiring title to the real property." The State filed the Restitution Lien against the Debtor before he acquired title to the Lafayette or Camelback Properties. According to the plain terms of A.R.S. § 33-705, the Deeds of Trust should have priority.

There is also no dispute that the Restitution Lien is the type of lien governed by A.R.S. § 13-806. Under A.R.S. § 13-806, a restitution lien is superior and prior to all other liens against the property interests of the person subject to the lien with three exceptions: a valid lien perfected prior to the restitution lien, an interest in real property acquired and recorded before the restitution lien, and an interest in personal property acquired prior to the restitution lien. The Deeds of Trust do not meet any of the three

---

[4] The Court will follow the lead of the Arizona Supreme Court in *Pearce Union High School* and refer to the Arizona State Legislature as "Legislature".

4

exceptions in A.R.S. § 13-806. According to the plain terms of A.R.S. § 13-806, the Restitution Lien should have priority.

How then to read the two statutes together? When dealing with separate statutes, the Court must give meaning to both statutes if possible. *Finch v. State Dep't of Pub. Safety,* 295 P.2d 846, 848 (Ariz. 1956); *State v. Cassius,* 520 P.2d 1109, 1111 (Ariz. 1974). Presumably, the Legislature intended both statutes to be operative. *Kelly v. Bastedo,* 220 P.2d 1069, 1072 (Ariz. 1947); *Cassius*, 520 P.2d at 1111.

Chase alleges the Restitution Lien has no greater priority than any other civil claim against the Debtor based on S*tate v. Woodall* which holds "our statutes indicate that restitution claims are equal, not superior, to other civil claims." 785 P.2d 111, 113 (Ariz. Ct. App. 1989). Chase's reliance on *Woodall* is misplaced. The language cited by Chase refers to the priority of restitution <u>orders</u> recorded under A.R.S. § 13-805(E).[5] Once there is a restitution order, the state or a person entitled to restitution may file a restitution lien under A.R.S. § 13-806. The Restitution Lien is a restitution <u>lien</u> under A.R.S. § 13-806, as opposed to a restitution <u>order</u> under Section 13-805. Accordingly, Chase's reliance on *Woodall* offers little guidance to the Court.

The State attaches special meaning to the word "superior" in A.R.S. § 13-806. In the State's view, the word "superior" in A.R.S. § 13-806 means a "super-priority" which goes beyond use of the term "priority" in A.R.S. § 33-705. The State's only legal authority for this theory is citation to the term "superior" in Black's Law Dictionary.[6] This reference is unpersuasive, especially in light Black's definition of "prior lien" as "[a] lien that is **superior** to one or more other liens on the same property, usu. because it was

---

[5] A.R.S. 13-805(E):
    A criminal restitution order may be recorded and is enforceable as any civil judgment, except that a criminal restitution order does not require renewal pursuant to § 12-1611 or 12-1612. Enforcement of a criminal restitution order by any person who is entitled to restitution or by the state includes the collection of interest that accrues at a rate of ten per cent per annum. A criminal restitution order does not expire until paid in full.

[6] The State relies on the Revised Fourth Edition definition, "Higher; belonging to a higher grade. . . . Possessing larger power. Entitled to command, influence, or control over another." BLACK'S LAW DICTIONARY 1606 (rev. 4th ed. 1968). The Court also refers to the Ninth Edition definition, "higher; elevated; possessing greater power or authority; entitled to exert authority or command over another." BLACK'S LAW DICTIONARY 1575 (9th ed. 2009).

perfected first -- also termed *priority lien*." (bold added; italics in original). BLACK'S LAW DICTIONARY 1008 (9th ed. 2009).[7]

The term "superior" in connection with the term "lien" in Arizona statutes is common place with over twenty statutes incorporating the terms together.[8] The context in which the terms are used ranges from the obscure -- A.R.S. § 33-966 superiority of lien for personal injury judgment against person operating railway -- to the everyday -- A.R.S. § 33-723 right of junior lien holder upon foreclosure action by senior lien holder. Like, A.R.S. § 13-806, most of these statutes involve governmental or quasigovernmental interests, several involve mortgages, and a few are purely private in nature. Interestingly, the phrase "superior and prior to" is used only in connection with restitution liens. However, the phrase "prior and superior to" is used in several other Arizona statutes including tax liens.

*Steinfeld v. State,* 294 P. 834 (Ariz. 1930) gives guidance in the interpretation of the phrase "prior and superior to." In *Steinfeld*, the Arizona Supreme Court was asked to determine whether a privately held tax lien had priority over a state-held mortgage. Before turning to the statute, the court observed that "[t]he Legislature of Arizona, however, has full power to determine whether or not a tax lien shall be superior to other liens, so long as its determination does not impair previously existing contracts or vested rights." *Id.* at 835. The Court then turned to the statute in question[9] which concluded with

---

[7] The State also turns to the definition of "superior" in Merriam-Webster.com as "situated higher up: UPPER, 2: of higher rank, quality, or importance." Definition of Superior, MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/superior (last visited Dec. 16, 2013). Relying on a general use dictionary definitions is unpersuasive in light of Merriam-Webster.com's definition of "priority": "a (1): the quality or state of being prior (2):  precedence in date or position of publication —used of taxa b (1): **superiority in rank**, position, or privilege (2):  legal precedence in exercise of rights over the same subject matter." Definition of Priority, MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/priority?show=0&t=1389287624 (last visited January 9, 2014) (emphasis added).

[8] *See* A.R.S. §§ 8-345, 13-806, 13-2314.02, 9-499, 11-268, 12-997, 36-602, 20-553, 23-746, 28-5940, 33-723, 33-801, 33-812, 33-966, 40-350, 45-1212, 42-17153, 42-19106, 48-542, 48-984, 48-3164, 48-3165, 48-3168, 44-1006, and 47-9109.

[9] R. S. A. 1913, Civil Code (as cited in *Steinfeld*, 294 P. at 836):
> Every tax levied under the provisions or authority of this act upon any real or personal property is hereby made a lien upon the property assessed, which lien shall attach on the first Monday in January in each year and shall not be satisfied or removed until such taxes, penalty, charges, and interest are all paid, or the property has absolutely vested in a purchaser under a sale for taxes. Said lien shall be prior and superior to all other liens and encumbrances upon the said property.

6

the phrase "[s]aid lien shall be prior and superior to all other liens and encumbrances upon the said property." *Id.* at 836. Based on the language of the statute, the court concluded the "statute makes the tax lien superior to all other liens, making no exceptions whatever." *Id.* Based on this ruling, the Legislature amended R.S.A. 1913, Civil Code by changing the last sentence to read "'[t]he lien shall be prior and superior to all other liens and encumbrances upon the property, *except liens or encumbrances held by the state of Arizona.*'" *Pinal Vista Properties, L.L.C. v. Turnbull*, 91 P.3d 1031, 1034 (Ariz. Ct. App. 2004) (quoting 1931 Ariz. Sess. Laws, ch. 106, § 1) (emphasis in original).

Since *Steinfeld*, courts have consistently held that tax liens have priority over all other liens. *See In re Ecology Paper Products Co.*, 17 B.R. 281, 282 (Bankr. D. Ariz. 1982) (concluding that a plain reading of A.R.S. § 42-609[10] "evidences a legislative intent to create a lien with the highest priority."); *Bauza Holdings, L.L.C. v. Primeco, Inc.*, 18 P.3d 132, 136 (Ariz. Ct. App. 2001) ("Tax liens enjoy super-priority over all other liens except those held by the state. A.R.S. § 42–17153(C)(3)."); *Pinal Vista Properties*, 91 P.3d at 1034 ("The Legislature's intent to treat state tax liens as superior to those held by private investors is clarified when one considers A.R.S. §§ 42–18261 to –18267…").

Chase acknowledges the superiority of tax liens, but explains that they do not have priority based on the term superior. Instead, Chase points to A.R.S. § 42-17153(A) which provides "a tax that is levied on real or personal property is a lien on the **assessed property**." (emphasis added). This lien runs not against the person, but instead runs against the land. By comparison, A.R.S. § 13-806[11] describes a lien against an individual, not the land. Indeed, "[t]he owner of real property is not personally liable for real property taxes; such taxes represent a lien against the land itself and are not a personal

---

[10] A.R.S. 42-609 (as cited by *Ecology Paper*, 17 B.R. at 281):
> The tax levied against personal property shall be a lien against the property, prior and superior to any and all other liens of every kind and description regardless of when another lien attached. The lien shall not be discharged until the taxes are paid or the title to the property vests in a purchaser of the property for the taxes.

[11] "The filing of a restitution lien . . . is superior and prior to the claims or interests of any other **person** . . ." (emphasis added).

7

obligation of the property owner." *Peabody Coal Co. v. Navajo Cnty.*, 572 P.2d 797, 800 (Ariz. 1977) (disapproved on other grounds).

Chase has the better of the argument. After a review of Arizona statutes and case law, this Court concludes that the term "superior and prior to" has no special meaning but, rather, is interchangeable with the term "priority".

D.  *Rules of Statutory Interpretation -- The More Recent Statute*

As the Court cannot resolve the competing language in the two statutes by simply reading the plain language of the statutes, the Court turns to other grounds to analyze this dispute. "[W]hen there is conflict between two statutes, the more recent, specific statute governs over the older, more general statute." *In re Estate of Winn*, 150 P.3d 236, 239 (Ariz. 2007) (citations omitted). The Legislature enacted A.R.S. § 13-806 in 1986[12] and A.R.S. § 33-705 in 1996.[13] Chase argues that A.R.S. § 33-705 is specific: purchase money security deeds have priority over <u>all</u> other liens. Under Chase's construction, the Legislature knew of A.R.S. § 13-806 when it enacted A.R.S. § 33-705. Therefore, the Deeds of Trust take priority over A.R.S. § 13-806. The State argues that by the use of the term "superior", discussed above, the Legislature gave the Restitution Lien a specific super-priority.

The timing of the enactment of the statutes cannot be questioned. The Legislature enacted A.R.S. § 13-806 in 1986 and A.R.S. § 33-705 in 1996. "Where statutes [on the same matter] are in apparent conflict, they should be construed in harmony so as to give force and effect to each. . . . The presumption is that the legislature did not intend to do a futile thing by including in a statute a provision which is nonoperative or invalid." *State v. Cassius*, 520 P.2d 1109, 1111 (Ariz. 1974). In this matter, the Court presumes that the Legislature knew of A.R.S. § 13-806 when it enacted A.R.S. § 33-705. In the way it drafted A.R.S. § 13-806, the Legislature showed an ability and willingness to create

---

[12] The Legislature has amended A.R.S. § 13-806 three times since enactment. The first amendment, in 1995, was to change subsection "B". The second amendment, in 2010, added subsection "J" to give priority to a self-service storage facility. The final amendment, in 2013, added language to subsection "H" to bar perfection against motor vehicles. Historical and Statutory Notes to A.R.S. § 13-806.
[13] The Legislature has not amended A.R.S. § 33-705 since its enactment.

8

exceptions to priorities when warranted. Yet, when it drafted A.R.S. § 33-705 the Legislature offered no exceptions -- purchase money mortgages have priority over all other liens.

When the Court presumes that the Legislature knew of A.R.S. § 13-806 when it drafted A.R.S. § 33-705, both statutes can be read together coherently. As argued by Chase, A.R.S. § 33-705 specifically states that purchase money security interest mortgages take priority over <u>all</u> other liens incurred against the purchaser before acquiring title to the property. The Court concludes that this includes restitution liens.

The Legislature recently amended A.R.S. § 13-806 to create a carve out for vehicle liens.[14] The Debtor argues that the Legislature was aware of the consequences of Arizona's broad restitution statute and chose to create a specific exemption to protect vehicle liens. At the same time, the Legislature did not modify A.R.S. § 33-705. Thus, according to the Debtor, the clear intent of the Legislature was to give priority to restitution liens over purchase money deeds of trust. The Court is not persuaded this recent legislation evidences a clear intent that restitution liens under A.R.S. § 13-806 take priority over purchase money deeds of trust under A.R.S. § 33-705. It is equally plausible that the Legislature reviewed A.R.S. § 13-806 and 33-705, used the same presumption as the Court in interpreting the statutes, and found no reason to change Arizona law. As such, the Court will draw no conclusions from the recent amendments to the restitution lien statute.

E.  *Legislative History*

There is little legislative history on A.R.S. §§ 13-806 or 33-705. However, the history that does exist offers clues to the Legislature's intent on both statutes.

In 2007, the Legislature passed Senate Bill 1286 making changes to multiple criminal statutes, including A.R.S. §§ 13-810, 13-812, and 13-4430 -- each of which involve restitution. S. 1286, 48th Leg., 1st Reg. Sess. (Ariz. 2007), *available at* http://www.azleg.gov//FormatDocument.asp?inDoc=/legtext/48leg/1R/laws/0290.htm&S

---

[14] *See* A.R.S. § 13-806(H) (2013); A.R.S. § 28-2137.

9

ession_ID=85. One of the stated purposes of Senate Bill 1286 recognized constitutional guarantees to victims under the Arizona Victim's Bill of Rights. *Id.* at §13(A). Though not directly related to A.R.S. 13-806, one of the rights guaranteed to victims is the right "[t]o receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." *Id.* at §13(C)(2).

Though scant, there is some legislative history for A.R.S. § 33-705. "[A] mortgage or deed of trust that is given as security for a loan made to purchase real property has priority over all other liens and encumbrances." Final Revised Fact Sheet for S.B. 1300, 42nd Leg., 2nd Reg. Sess., at 2 (Ariz. May 7, 1996). Additionally, at the time of enactment, Maricopa County title examiners believed a recorded judgment lien to attach "at the instant title to the property passed to the judgment debtor." Kathi Mann Sandweiss and Roger L. Cohen, *Preserving the Family Farm in An Urban Age; Recent Changes to the Arizona Judgment Lien and Homestead Statutes*, 34 ARIZ. ATT'Y 18, 49 (Aug./Sept. 1997). With the enactment of 33-705, the opportunity to convert a judgment lien to a payment was lost. *Id.*

While neither statute's legislative history provides conclusive guidance, the statement contained in the Fact Sheet for A.R.S. §33-705 is clear that a purchase money deed of trust has priority over all other liens and encumbrances. This legislative history is consistent with the Court's presumption that the Legislature knew of A.R.S. § 13-806 when it drafted A.R.S. § 33-705.

F.   *The Texas Experience*

The primacy of statutes involving restitution liens and purchase money liens was addressed by the State of Texas. As originally enacted in 1995, the Texas restitution lien statute read:

> The perfection of a restitution lien under this article is notice of the claim to all persons dealing with the defendant or the property identified in the affidavit perfecting the lien. A perfected lien in favor of a victim is superior and prior to the claim or interest of any other person, other than:
>    1) a person who possesses a valid lien, or security interest, perfected before the perfection of the restitution lien;

> 2) a bona fide purchaser who acquires an interest in the property, if personal property, before the filing of the restitution lien, to the extent that the purchaser gives value; or
> 3) a bona fide purchaser who acquires and records an interest in the property, if real property, before the perfection of the restitution lien, to the extent that the purchaser gives value.

Tex. Code Crim. Proc. art. 42.21 § 9 (West 2006).[15] This former section is remarkably similar to Arizona's restitution statute. However, the Texas Legislature amended that statute to now read:

> The perfection of a restitution lien under this article is notice of the claim to all persons dealing with the defendant or the property identified in the affidavit perfecting the lien. Without regard to whether perfected before or after the perfection of a restitution lien filed and perfected under this article, a perfected real estate mortgage lien, a vendor's lien, a purchase money security interest . . . is superior and prior to a restitution lien filed and perfected under this article.

Tex. Code Crim. Proc. art. 42.22 § 9 (West 2009). Thus, under current Texas law, it is clear that a purchase money deed of trust takes priority over a restitution lien. Why the change?

According to legislative history, the Texas Legislature modified its restitution lien statute to reduce confusion. As set forth in the House Committee Report to bill HB 2830, the Texas restitution statute had the unintended consequence of creating confusion as to the priority of liens. CRIMINAL JURISPRUDENCE COMM., BILL ANALYSIS, TEX. H.B. 2830 75th Reg. Sess. (Tex. 1997) (available at http://www.legis.state.tx.us/tlodocs/75R/analysis/html/HB02830H.htm). The effect of the reworded statute was to provide "expressly that the restitution lien is inferior to a perfected real estate mortgage lien, a vendor's lien, a purchase money security interest . . . ." *Id.* It is instructive to note that Texas decided to amend its statutes to make it clear that a purchase money lien will take priority over restitution liens. While the Texas Legislature recognized the confusion caused by its statutes, the Arizona Legislature has not yet seen fit to clarify the confusion in Arizona's lien priority statutes.

---

[15] In 1997, the Texas Legislature renumbered the restitution lien article to art. 42.22. GEORGE E. DIX & JOHN M. SCHOLESKY, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:144, n.1 (3d ed. 2013).

G.  *Public Policy*

In reaching the conclusion that purchase money deeds of trust hold priority over restitution liens, the Court is well aware of the strong public policies supporting the priority of each lien. The Legislature, perhaps recognizing these strong public policies, has given both restitution liens and purchase money deeds of trust the highest of priorities among other liens. In 1999, after enactment of both the restitution lien and purchase money statutes, the Legislature amended Arizona's nuisance statutes.[16] Interestingly, the amended and new legislation groups recorded mortgages, restitution liens, child support liens and general tax liens as exceptions to nuisance liens which otherwise has priority over all other liens.[17] Yet, while looking at both 33-806 and 13-705 in 1999, the Legislature chose not to change the words of either.

In Arizona, the recovery of restitution is a constitutional right. *State v. Zaputil*, 207 P.3d 678, 681 (Ariz. Ct. App. 2008). According to the Arizona Constitution, a victim of a crime has the right "[t]o receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. 2 § 2.1(8). The plain language of the Victims' Bill of Rights is to be applied. *State ex rel. Romley v. Super. Ct. In and For Cnty. of Maricopa*, 909 P.2d 476, 479 (Ariz. Ct. App. 1995). A court cannot make ad hoc exceptions to the Victims' Bill of Rights. *Id.*

However, under historically accepted and understood legal principles, a purchase money deed of trust gives lenders a "super-priority" taking "precedence over any prior or subsequent claim or lien attaching to the property through the mortgagor."[18] Lawrence R.

---

[16] *See* A.R.S. §§ 12-991; 12-996; 12-997; 33-1903; and 33-1904.

[17] A.R.S. § 12-991(F) is representative of the language in each of the nuisance statutes:
> If the owner, the owner's managing agent or the party responsible for the property knows or has reason to know of the criminal activity and fails to take reasonable, legally available actions to abate the nuisance, a governmental authority may abate the nuisance. The court may assess the owner for the cost of abating the nuisance. On recording with the county recorder in the county in which the property is located, the assessment is prior to all other liens, obligations or encumbrances except for prior recorded mortgages, restitution liens, child support liens and general tax liens. A city, town or county may bring an action to enforce the assessment in the superior court in the county in which the property is located.

[18] However, there are tax and other statutory liens which sometimes take priority over purchase money mortgages. Baxter Dunway, *Law of Distressed Real Estate Such as Miscellaneous State and Local Taxes*. 4 L. Distressed Real Est. §40:53. Other examples include liens for unpaid water and rent. *Id.*

Ahern, III, 1 The Law of Debtors and Creditors § 8:30 (2d ed. 2013); *see also Slodov v. U.S.*, 436 U.S. 238, 258 n. 23 (1978). Because of this policy, purchase money lenders do not need to examine the purchaser for pre-existing liens or judgments. RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 7.2 Cmt. b (1997). The superiority of purchase money real estate transactions has long been recognized and is the dominant source of real property funding in the United States. JAMES J. WHITE & ROBERT SUMMERS, UNIFORM COMMERCIAL CODE: PRACTITIONER TREATISE SERIES 330-31 (6th ed., West 2010); RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 7.2 Cmt. b (1997).

The purchase money super-priority policy is sound on several fronts. First, giving priority to purchase money loans over prior creditors reflects the purchase money lender's contribution of property to the borrower's estate. *Slodov*, 436 U.S. at n. 23. Next, giving priority to purchase money liens greases the wheels of commerce by giving homogeneity and liquidity in the marketplace resulting in cheaper credit. RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 7.2 Cmt. b (1997); Hideki Kanda & Saul Levmore, *Symposium on the Revision of Article 9 of the Uniform Commercial Code: Explaining Creditor Priorities*, 80 Va. L. Rev. 2103, 2127 n. 52 (1994). Moreover, purchase money mortgages are given priority because a judgment lien creditor does not extend "their credit relying on repayment from specific property. The debtor had not yet obtained an interest in the property to which the judgment lien creditor's judgment attached. Thus, there was no reliance. On the other hand, the purchase money mortgagee advanced real property which he anticipated secured monies due him." *U.S. v. Dailey*, 749 F.Supp. 218, 219-20 (D. Ariz. 1990) (quoting *Nelson v. Stoker*, 669 P.2d 390, 394 (Utah 1983)) (internal citations omitted). Under these public policy provisions, the money lender gets the value of the property while the borrower receives the equity.

Importantly, the purchase money super-priority policy comports with the legal fiction of instantaneous seisin. Under instantaneous seisin "when a deed and a purchase money deed of trust are executed, delivered, and recorded as part of the same transaction, the title conveyed by the deed of trust attaches at the instant the vendee acquires title and

1 constitutes a lien superior to all others." *West Durham Lumber Co. v. Meadows*, 635
2 S.E.2d 301, 304 (N.C. Ct. App. 2006) (internal quotation omitted). Accordingly, title to
3 the land never rests in the purchaser, "but merely passes through his hands, and, without
4 stopping, vests in the mortgagee, and during such instantaneous passage no lien of any
5 character can attach to the title." *Transamerica Fin. Serv., Inc., v. Lafferty*, 856 p.2d
6 1188, 1194 (Ariz. Ct. App. 1993) (quoting *Faulkner Cnty. Ranch & Trust v. Vail*, 293
7 S.W. 40, 41 (Ark. 1927)). Under this theory, the Debtor never had an interest in the
8 Lafayette or Camelback Properties to which the Restitution Lien could attach prior to the
9 attachment of the Deeds of Trust.

In the end, there is historic public policy supporting the superiority of purchase money deeds of trust. When faced with the quandary before this Court, the Texas Legislature concluded purchase money liens should triumph over restitution liens. Without clear Arizona legislation to the contrary this Court likewise finds the priority of purchase money deeds of trust over restitution liens. Under normal market conditions, giving priority to purchase money security loans would satisfy the public policy purposes behind both restitution and purchase money liens as real estate generally rises in value. In such circumstances, the holder of a restitution lien, having a priority just behind a purchase money lien, would become the beneficiary of the increase in property values. Thus, an Arizonan's constitutional right to prompt payment of restitution would be protected. "But for the willingness of the vendor to part with the real estate, it would have been completely unavailable to those persons for the satisfaction of their claims. To give such claimants priority over the vendor would confer on them a pure windfall." RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 7.2 Cmt. b (1997).

### IV. Conclusion

When read together, the purchase money and restitution lien statutes cannot be enforced by their plain terms. However, when the Court considers that A.R.S. § 33-705 was enacted after A.R.S. § 13-806, that the legislative history of A.R.S. § 33-705 is clearer than the legislative history behind A.R.S. § 13-806, and that the public policy

1 behind A.R.S. § 33-705 is supported by a long history of the superiority of purchase
2 money liens, the Court concludes the Deeds of Trust have priority over the Restitution
3 Lien.

**So ordered.**

Dated: January 24, 2014

_____
DANIEL P. COLLINS
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.